IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

Robert Holland Koon, # 227826,       )
                                     )        C/A No. 8:04-2456-RBH
            Petitioner,              )
                                     )
      vs.                            )        **O R D E R**
                                     )
South Carolina; and Henry D. McMaster, )
Attorney General for South Carolina, )
                                     )
            Respondents.             )
_____ )

        Petitioner Robert Holland Koon is an inmate of the South Carolina Department of Corrections

("SCDC") currenty housed at Perry Correctional Institution ("PCI"). Petitioner petitions this court

for a writ of habeas corpus under 28 U.S.C. § 2254. That petition was filed on July 29, 2004. This

is petitioner's eighth petition for habeas relief.[1] In this petition, petitioner is challenging his June 1986

guilty pleas to four indictments charging Burglary Second Degree. Koon received four (4) concurrent

sentences of ten (10) years each, which were evidently completed in December of 1993.

        Pursuant to 28 U.S.C. § 1915 and the Local Civil Rules, Plaintiff's action was referred to

United States Magistrate Judge Bruce H. Hendricks for pretrial matters. Currently before the Court

are petitioner's "Interloctory Appeal of Magistrate Court Order Denying Appointment of Counsel

Transfer of Venue to Chief Judge Houck" and the Report and Recommendation of Magistrate Judge

Hendricks filed February 11, 2005.[2]

---

[1] Petitioner has also filed multiple PCR and habeas corpus petitions. Most of the procedural history is irrelevant to the issues currently before the Court. The Court will address only the relevant procedural history.

[2] Also pending, but not presently before the Court, are [7] petitioner's motion to appoint counsel; [8] petitioner's motion to consolidate cases; and [14] petitioner's motion to amend his petition, appoint counsel, and for an evidentiary hearing.

In accordance 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 Magistrate Judge Howe issued a Report and Recommendation ("the Report") filed February 11, 2005. This Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on a review of the record, the Report concluded that the Petition should be dismissed because the issues raised by petitioner are procedurally barred. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the Report. On February 22, 2005, petitioner filed objections to the Magistrate Judge's Report and Recommendation. Also on that same day petitioner filed a "Motion to Amend/Petitioner for Counsel Request for Evidentiary Hearing." In this motion, he states: "Petitioner amends his writ of habeas & petitioner objects to magistrate report as follows and requests counsel/evidentiary hearing." (Motion 14, p. 1.) While this document is titled a motion this Court will consider them as objections to the Report to the extent it appears to be such. Petitioner objects to the Report on the basis that (1) this proceeding should be held in abeyance until his motion for the appointment of counsel is ruled on; (2) the South Carolina Supreme Court did rule on his involuntary plea issue; (3) this is not a successive petition; (4) he has exhausted his claims; and (5) subject matter jurisdiction can be raised anytime in South Carolina and, consequently, can be heard by this Court.

**<u>Procedural History</u>**

As mentioned above, petitioner pled guilty in June 1986 to four (4) counts of Burglary Second Degree (86-GS-11-289, 86-GS-11-290, 86-GS-11-291, 86-GS-11-292) and was sentenced to ten (10)

2

years concurrent on each sentence.  Petitioner did not appeal these convictions.  In March of 1987 petitioner filed an application for post-conviction relief ("PCR") alleging "insufficient counsel," ineffective assistance of counsel, and that defense counsel failed to challenge subject matter jurisdiction on the basis of defects in the indictments.  (*Koon v. State*, 87-CP-11-103.)  After an evidentiary hearing, that application was dismissed by the Honorable Dan F. Laney, Jr.  Petitioner did not seek review of this dismissal by petition for writ of certiorari to the South Carolina Supreme Court.[3]

In 1997, petitioner filed a PCR application related to other charges.  At that hearing, petitioner sought to amend his application to include an allegation that the Circuit Court did not have subject matter jurisdiction to accept his 1986 guilty pleas.  The PCR judge ordered that the subject matter jurisdiction issue be addressed in a separate PCR application.

In May of 2001, a hearing was held in the Circuit Court on petitioner's subject matter jurisdiction and *Austin* claims.  The PCR judge denied relief as to the subject matter jurisdiction claim and found that the petitioner knowingly and voluntarily waived his right to appellate review of the denial of his first PCR application.  Petitioner filed a writ of certiorari with the South Carolina Supreme Court, which found that there was no evidence to support the PCR judge's finding that petitioner knowingly and voluntarily waived his right to seek appellate review of the denial of his 1987 PCR application.  The Supreme Court ordered petitioner to serve and file a petition addressing the questions he sought to have reviewed from the order denying his 1987 PCR application.  On April

---

[3] In *Austin v. South Carolina*, 409 S.E.2d 395 (S.C. 1988), an applicant claimed that he requested appellate review of his PCR dismissal and PCR counsel did not file an appeal.  The South Carolina Supreme Court remanded the matter to the Circuit Court for an evidentiary hearing on the issue of whether he requested and was denied the opportunity to seek appellate review from the denial of his PCR application.  The South Carolina Supreme Court remanded, in a memorandum opinion (*Koon v. State*, 93-MO-308, filed October 12, 1993), petitioner's *Austin* issue for an evidentiary hearing.

5, 2004, more than sixteen (16) years after the dismissal of petitioner's first PCR application, the South Carolina Supreme Court vacated one (1) of petitioner's four (4) 1986 convictions. *See Koon v. South Carolina*, 595 S.E.2d 456 (S.C. 2004).[4]  Under South Carolina law an indictment for second-degree burglary must allege an aggravating factor.  The indictment and conviction (86-GS-11-290) were dismissed on the basis that the indictment did not state an aggravating factor.  The remaining three (3) convictions were affirmed.

This Court will not address the petitioner's criminal record that he amassed between the completion of his 1986 sentences and the present action because they are, for the most part, not relevant to this case.  However, his 1997 conviction should be briefly addressed.  In February 1997 petitioner was convicted of burglary and grand larceny.  Petitioner was sentenced to life imprisonment under the South Carolina recidivist statute, S.C. Code Ann. § 17-25-45, with the four (4) 1986 burglary convictions serving as predicate "serious offenses."  The petitioner appealed his conviction, which was affirmed in an unpublished opinion by the South Carolina Court of Appeals.

In this action, petitioner asks this Court to review and set aside the three (3) remaining 1986 convictions.  He argues that a "fatal variance" arose  between the three (3) indictments and the evidence upon which he entered his guilty pleas.  Additionally, he argues that he was denied his Sixth Amendment right to confront his accusers and that the trial court failed to satisfy itself that the guilty pleas were knowingly and voluntarily entered into by way of a full and exhaustive courtroom colloquy.

---

[4] *Koon v. South Carolina*, 595 S.E.2d 456 (S.C. 1991), was recently overruled by *South Carolina v. Gentry*, 610 S.E.2d 494 (S.C. 2005): "the following cases are overruled to the extent they combine the concept of the sufficiency of an indictment and the concept of subject matter jurisdiction, *i.e.* a trial court's power to hear a charge."

4

## Prior § 2254 Petitions

Since 1988, petitioner has filed eight (8) petitions in this Court seeking relief under 28 U.S.C. § 2254.[5]  Following the numbering used by the Magistrate Judge those cases are: *Koon v. Attorney General*, 3:88-2886 (**Koon One**); *Koon v. SCDC*, 3:91-1591 (**Koon Two**); *Koon v. South Carolina*, 3:91-3324 (**Koon Three**); *Koon v. Catoe*, 7:00-3831 (**Koon Four**); *Koon v. South Carolina*, 7:01-2036 (**Koon Five**); *Koon v. Condon*, 7:01-3101 (**Koon Six**); and *Koon v. South Carolina*, 8:01-3397 (**Koon Seven**).  The present action is petitioner's eighth habeas petition.

**Koon Two** challenged a prison disciplinary proceeding.  **Koon Six** was an attack upon a 1996 conviction after guilty pleas to third degree burglary and grand larceny of an automobile.[6]  The remaining petitions all challenged the 1986 burglary convictions.

**Koon One** was filed on October 31, 1988 seeking relief on the following grounds: (1) failure of the prosecution to disclose favorable information; (2) ineffective assistance of counsel; (3) coerced confession; and (4) denial of appeal from dismissal of his first PCR application.  Summary judgment was granted for the respondents by The Honorable C. Weston Houck on November 22, 1989.

**Koon Three** was filed September 31, 1991.  The Honorable C. Weston Houck granted summary judgment to the respondents and dismissed the petition as successive under Rule 9 of the Rules Governing § 2254 cases.  Petitioner appealed that decision.  The dismissal was affirmed by the Fourth Circuit Court of Appeals on the basis that the petitioner had failed to timely file objections to

---

[5] This Court may take judicial notice of these prior petitions and their respective court records.  *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Shop v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989); *Days v. Bounds*, 509 F.2d 55 (4th Cir. 1975); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

[6] This is the 1996 conviction addressed above for which petitioner is serving a life sentence.

5

the Report of the Magistrate Judge. *See Koon v. South Carolina*, 978 F.2d 1255 (4th Cir. 1992).

**Koon Four** directly attacked petitioner's 1986 burglary convictions claiming that the indictments were invalid and therefore the trial court lacked subject matter jurisdiction.[7] The petition was dismissed without prejudice and without issuance and service of process on the respondents since petitioner disclosed in his initial pleading that a state court proceeding was still ongoing. **Koon Five** was voluntarily dismissed by the petitioner before the respondents were served.

**Koon Seven** was filed August 6, 2001. In his objections to the Report recommending dismissal of that case, petitioner informed the Court that the South Carolina Supreme Court had directed an *Austin* briefing in one of his PCR applications (00-CP-11-0623). Petitioner suggested that "the proper remedy which may be dismissal w/out prejudice w/ leave to refile pending exhaustion of the first PCR through certiorari review by the S.C. Supreme Court." Subsequently, the Honorable C. Weston Houck dismissed that case without prejudice "since petitioner is now exhausting his state court remedies." Judge Houck's order is silent as to the request for leave to refile. Two weeks after the South Carolina Supreme Court's April 2004 opinion in *Koon v. South Carolina*, 595 S.E.2d 456 (S.C. 2004), the petitioner filed a motion to rescind Judge Houck's order of dismissal in **Koon Seven**, asserting that he had finally exhausted available state remedies regarding his 1986 convictions. Petitioner also filed a Rule 60(b) "Motion to Reinstate Habeas" and appealed the dismissal to the Fourth Circuit Court of Appeals. The Fourth Circuit dismissed that appeal. *See Koon v. South Carolina*, 110 Fed. Appx. 301 (4th Cir. 2004). In this Court, petitioner's motions were mooted and **Koon Seven** was closed.

_____

[7] Almost eight (8) years passed between the filing of **Koon Three** and **Koon Four**. During that time petitioner completed his sentences under the 1986 convictions, left South Carolina and then returned. He accrued additional convictions, including the one for which he is currently serving a life sentence.

The present petition was filed July 19, 2004, prior to the conclusion of **Koon Seven**.  Upon initial screening, the Magistrate Judge issued a Report recommending dismissal without prejudice in part because it made the same attack upon the 1986 burglary indictments as **Koon Seven**.  Since **Koon Seven** was still pending, the Report noted the two additional issues in the present petition (denial of confrontation with accusers and insufficient courtroom colloquy) should have been brought in **Koon Seven** or in one of the other previous petitions for relief.  On October 28, 2004, this Court reviewed the Report and filed an Order noting the intervening dismissal of **Koon Seven**, which resulted in petitioner having no other habeas petition pending in this Court concerning his 1986 convictions.  This Court remanded the matter to the Magistrate Judge for further consideration and, specifically, the issue of successiveness in light of *Slack v. McDaniel*, 529 U.S. 473 (2000), and *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998).  The Magistrate Judge further considered this petition and issued the instant Report on February 11, 2005.

### Appeal of Petitioner's Motion for Appointment of Counsel

In his objections, petitioner argues that "he [is] totally unable to litigate this habeas corpus" petitioner without the appointment of counsel and asks that this Court rule on his motion for appointment of counsel before determining whether his case is subject to summary dismissal. (Document 13, p. 1.)  In his "Motion" filed simultaneously with his objections, petitioner asks for John Blume, Esq. of Columbia be appointed to represent him because "[t]his is a complex and diverse case."  (Document 14, p. 1.)

In his "Interloctory Appeal of Magistrate Court Order Denying Appointment of Counsel Transfer of Venue to Chief Judge Houck," (Document 16) petitioner appeals the Magistrate Judge's February 22, 2005 Order which denies his motion for appointment of counsel and motion to transfer

venue. In that motion, the petitioner requested that Richard Farrier be appointed to represent him and that venue be transferred to Judge Houck.[8] "Petitioner asserts that failure to appoint counsel in these exceptional circumstances amounts to a [sic] abuse of discretion by magistrate."

Appointment of counsel in 28 U.S.C. § 2254 cases under § 1915(e)(1) is discretionary. The district court may appoint counsel for an eligible petitioner if "the interest of justice so requires." Habeas Rule 8(c); *see also* 28 U.S.C. § 2254(h). Whether to appoint counsel is a matter for the court's discretion.

With respect to a magistrate judge's ruling on a nondispositive pretrial matter, a district court shall "modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Federal Rule of Civil Procedure 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The Supreme Court has stated that a finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394 (1948).

Plaintiff has made no arguments to the Court as to why the Magistrate Judge's Order is clearly erroneous or contrary to law, other than the blanket allegation that there exist "exceptional circumstances." Petitioner fails to explain to this Court those "exceptional circumstances." Without finding that petitioner has satisfied his burden of establishing that the Magistrate Judge's Order is clearly erroneous or contrary to law, or excusing his failure to do so, the Court has reviewed this

---

[8] In his motion petitioner makes reference to one of his eight (8) previous § 2254 petitions, C/A No. 9:01-3101. That habeas petition was an attack upon a 1996 conviction after guilty pleas to third degree burglary and grand larceny of an automobile.

8

matter and finds that Magistrate Judge Hendrick's February 22, 2005 Order is not clearly erroneous or contrary to law and there do not exist exceptional circumstances to justify the appointment of counsel.

As mentioned above, the two (2) factors to be considered in the appointment of counsel are (1) the type and complexity of the case, and (2) the ability of a *pro se* litigant to present his case. This is petitioner's eighth habeas petition that has been filed in this Court. This Court's records indicate that, since 1988, petitioner has also filed twenty (20) cases pursuant to 42 U.S.C. § 1983. A review of the record also indicates that petitioner has also filed several PCR cases in South Carolina state court as well. Consequently, this Court finds that petitioner has had plenty of practice in presenting his case before the courts. Furthermore, the Court does not consider this to be a complex case that necessitates the appointment of counsel.

This Court **DENIES** petitioner's motion for review and **AFFIRMS** Judge Howe's February 22, 2005 Order. Consequently, his objection to the Report on the basis that his Motion has not been ruled on is now **MOOT**.

### Successiveness of Petition

Petitioner argues that his instant habeas petition is not successive. He argues that **Koon Two** and **Koon Three** "were cases involving (good time credits) w/in (SCDC) and had not a thing to do with the attack on the 1986 convictions (and are irrelevant) to the habeas petition before the Court." (Document 13, p. 5.) As to **Koon Four**, **Koon Five**, and **Koon Seven**, petitioner argues they "were dismissed w/out prejudice for (leave to exhaust state remedies.)" (Document 13, p. 5) Additionally, he states: "**Koon Six** ain't go[t] nothing to do w/ 1986 convictions (but rather 1996 convictions)." (Document 13, p. 7.) As to **Koon One**, petitioner states that it "should have been dismissed w/ leave

9

to exhaust state remedies (or <u>Austin v. State</u> 1991 decision <u>created</u> a const[itutional] right of due

process not in existence in 1988 <u>See Rose v. Lundy</u>)." (Document 13, p. 7.)  Petitioner argues that:

> It is [the] law of the case doctrine the federal courts allowed me to return to state court
> to exhaust my remedies and this Court cannot now state I am barred and must provide,
> in equity and common law, anglo saxon law provide a ruling on the merits.

(Document 14, p. 3.)

Upon this Court's request on remand, Judge Howe considered the successiveness of

petitioner's habeas petition in light of *Slack v. McDaniel*, *supra,* and *Stewart v. Martinez-Villareal*,

*supra*.  The Magistrate Judge recommended to this Court that it dismiss petitioner's habeas petition

as successive based on **Koon One**,

> because **Koon One** was dismissed on substantive not procedural grounds over fifteen
> years ago.  529 U.S. at 485-86.  None of the exceptions to the AEDPA successiveness
> standard apply to the current petition: the Petitioner invokes no new rule of
> constitutional law(made retroactive by the United States Supreme Court); he does not
> suggest any factual predicate that could not have been previously discovered; nor does
> he assert any facts which, but for constitutional error, would have precluded a
> reasonable fact finder from a conclusion that he was guilty of the 1986 charges.

(Report, pp. 9-10.)

Before the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[9] was enacted,

review of second and successive petitions was limited by the abuse of writ doctrine.  *See, e.g.* former

Habeas Rule 9(b); *McCleskey v. Zant*, 499 U.S. 467 (1991).  The AEDPA replaced the abuse of writ

doctrine with a gatekeeping procedure that requires authorization from the appropriate court of appeals

before a second or successive § 2254 petition is filed in the district court.  *See* 28 U.S.C. § 2244(b)(3).

"The phrase 'second or successive petition' is a term of art given substance . . . in habeas corpus

cases."  *Slack*, 529 U.S. at 486.  In general, this means that pre-filing authorization is required when

---

[9] AEDPA went into effect on April 24, 1996 and imposes new limits on § 2254 and § 2255 remedies.

10

an applicant's previous § 2254 petition was adjudicated on the merits. *See Stewart*, 523 U.S. at 644-45.

If a petitioner has filed one or more pre-AEDPA petitions, pre-filing authorization is required for any post-AEDPA petition unless the petitioner relied on pre-AEDPA law. *See In re Jones*, 226 F.3d 328, 331-32 (4th Cir. 2000) (Jones failed to establish reliance where he did not attempt to demonstrate that he relied on the continued existence of pre-AEDPA law or that he "might have acted differently had be know" that he would be subject to the gatekeeping provisions of § 2244). The fact that a claim could not have been discovered at the time of the previous petition does not exempt the claim from the pre-filing authorization requirement; instead, the unavailability of the claim may establish a basis for authorizing a successive petition. *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). No pre-filing authorization is required if there was no decision on the merits in the petitioner's previous § 2254 proceedings. *See Slack*, 529 U.S. at 486-87; *Stewart*, 523 U.S. at 644-45.

As mentioned above, the Honorable C. Weston  Houck granted summary judgment for respondents on the merits of petitioner's habeas petition in **Koon One**. Furthermore, petitioner did not appeal the granting of summary judgment. Petitioner tries to argue that since **Koon Four**, **Koon Five**, and **Koon Seven** were dismissed without prejudice to allow him to exhaust his state remedies **Koon One** should have also been dismissed on this basis. This argument is without merit. **Koon Four** was dismissed without prejudice because petitioner had an ongoing state proceeding. Petitioner voluntarily dismissed **Koon Five**. In his Order dismissing both **Koon Four** and **Koon Five**, Judge Houck states:

> In the second-listed action [**Koon Five**], the petitioner filed a document on May 21, 2001 seeking to have his petition for writ of habeas corpus dismissed in order that he may pursue post-conviction relief in the state courts. The Magistrate Judge issued a

11

report on May 29 recommending that this request to dismiss be granted. The petitioner then issued a letter to the Clerk of Court in regards to <u>both</u> of the above-listed case numbers, indicating again his wishes to dismiss his habeas corpus petitions so that state court remedies may be pursued.

(7:01-cv-02036-CWH, Order filed July 19, 2001) As to **Koon Seven**, that case was dismissed without prejudice upon the petitioner's suggestion on the basis that the South Carolina Supreme Court had directed an *Austin* briefing in one of the petitioner's PCR applications (00-CP-11-0623). Clearly there was no reason for **Koon One** to be dismissed without prejudice, because it was decided on the merits without petitioner's objection. Petitioner did not appeal the granting of summary judgment in his case.

Consequently, this is a petition successive to a petition decided on its merits and petitioner was required to request pre-filing authorization from the Fourth Circuit Court of Appeals before filing the instant action. *See*, 28 U.S.C. § 2244(b). Without excusing petitioner from that requirement, this Court also finds, as discussed more fully below and in the Report, that the petition fails on its merits.

### Exhaustion

Plaintiff alleges that the issues raised in the instant petition were raised in his 87-CP-11-103 PCR. He also argues that he has diligently pursued all avenues of appeal and that "this [petition] is technically a <u>refiling</u> of the Koon <u>One</u> (that should have been dismissed without prejudice)." (Document 13, p. 9.) The Magistrate Judge recommends that the issues raised in the instant petition are procedurally barred from review by this Court.

The theory of exhaustion is based on 28 U.S.C. § 2254, the statute giving the federal court jurisdiction of habeas petitions. That statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. It is clear that § 2254

12

requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In *Ex parte Royall*, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.

*Rose v. Lundy*, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, an appellant is required to state all his grounds in that appeal. *See* SCAR 207 and *Blakeley v. Rabon*, 221 S.E.2d 767 (1976). The second avenue of relief is the filing an application for post-conviction relief ("PCR"). *See* S.C. Code Ann. § 17-27-10 *et seq.* A PCR applicant is also required to state all of his grounds for relief in his application. *See* S.C. Code Ann. § 17-27-90.

When a petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court either through direct appeal or an appeal from the denial of a PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 10059 (4th Cir. 1983). If a petitioner has failed to raise an issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See Rose v. Lundy, supra*.

"Procedural default" refers to the application of a state procedural rule to bar review of a

13

particular claim. A claim will be deemed procedurally defaulted if it was never presented in state court and the state courts would now refuse to review the claim. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). A federal court ordinarily will not review a claim that is procedurally defaulted. *See Fisher v. Angelone*, 163 835, 844 (4th Cir. 1998). This practice ensures that § 2254 petitioners do not evade state procedural rules governing review of criminal convictions. *See Lambrix v. Singletary*, 520 U.S. 518, 523 (1997). A claim will be considered procedurally defaulted in two situations: if a state court has expressly found that review is barred by a state procedural rule or if the claim was not presented to all appropriate state courts and a state procedural rule would now bar review. *See Thomas v. Davis*, 192 F.3d 445, 450 (4th Cir. 1999); *Bennett v. Angelone*, 92 F.3d 1336, 1344-45 (4th Cir. 1996).

A petitioner can obtain review of a procedurally defaulted claim by establishing either "cause and prejudice" or "actual innocence." *See Thomas v. Daivs*, 192 F.3d 445 (4th Cir. 1999); *Muller v. Angelone*, 181 F.3d 557 (4th Cir. 1999). In general, "cause" refers to "some objective factor eternal to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 (1999). An absence of reasonable diligence by the petitioner will defeat an assertion of cause. *See Hoke v. Netherland*, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). "Objective factors that may constitute 'cause' include: (1) 'interference by officials that makes compliance with the State's procedural rule impracticable'; (2) 'a showing that the factual or legal basis for a claim was not reasonably available to counsel'; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel." *Wright v. Angelone*, 151 F.3d 151, 160 (4th Cir. 1998).

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must

14

also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *U.S. v. Frady*, 456 U.S. 152 (1982).

Petitioner states: "I have never had appellate review of the issues raised in the 87-CP-11-103 order." (Document 14, p. 3.) The case petitioner is referring to is his initial PCR challenging his 1986 convictions. In his *pro se* application for PCR petitioner alleged that he was being held in custody unlawfully for the following reasons:

1.    Plea of guilty coerced.
      a.    Statements of prosecutor and police telling me I was never going to get out of prison until I was a real old man.

2.    Violation of plea arrangement.
      a.    I was told my plea would cause an escape charge to be dropped, but the Institution has received a letter stating I had escaped.

3.    Insufficient counsel.
      a.    Counsel did not initiate a post-conviction relief of any appeal.

Petitioner filed an amended *pro se* application alleging the following:

1.    His plea was coerced by officers from the Gaffney Police Department that he would be sentenced in excess of 75 years.

2.    That he was under the influence of Valium at the time of his plea.

3.    Ineffective assistance of counsel.
      a.    Counsel Cline did not question or interview witnesses for the defendant.
      b.    Did not appeal setting of high bond.

4.    Prosecutor failed to disclose favorable evidence of "mud samples" testing results by Gaffney City Police.

None of the claims raised in his original PCR are the same as the issues in the instant habeas petition.

Consequently, this Court fails to understand why petitioner states that he never had appellate review

15

of the issues in that PCR because they have not been raised in this petition.

The issues raised by petitioner in the instant petition are (1) subject matter jurisdiction in the trial court, (2) denial of confrontation, and (3) unknowing and involuntary guilty pleas due to insufficient courtroom colloquy.  On November 5, 2004, petitioner filed an "Amended Writ of Habeas Corpus to Clarify Issues Raised."  In that document he stated

> The "two issues" to be raised are the precise issues ruled upon in Koon v. State, 595 S.E.2d 456 (April 5, 2004, Rehearing denied May 14, 2004)
>
> (1)   Denial of right to be advised of right to confront accuser (Boykin v. Alabama) which render[ed] plea involuntary–89 SCT 1709.
> (2)   Indictments #86-GS-11-289, 291, 292 for burglary second degree per 16-11-312(b) (law of the case) lack subject matter jurisdiction and deny due process.

(Document 8, p. 1.)  In order to determine if these claims are exhausted, this Court must look to see if they were raised to the South Carolina Supreme Court either on direct or collateral review.

In 97-CP-11-20, petitioner attempted to amend his application for PCR to include subject matter jurisdiction.  The Honorable Donald W. Beatty, Presiding Judge for the Seventh Judicial Circuit, dismissed petitioner's application with prejudice and ordered that his subject matter jurisdiction claim be considered a separate action with a new docket number assigned to it.  In March of 2001, the circuit court held a hearing on the subject matter jurisdiction issue and petitioner's *Austin* claim.

> The PCR judge denied relief as to the subject matter jurisdiction claim.  As to petitioner's *Austin* claim, the PCR judge found petitioner knowingly and voluntarily waived his right to appellate review of the denial of his first PCR application.
>
> Petitioner filed a petition for a writ of certiorari and [the South Carolina Supreme] Court found there was no evidence to support the PCR judge's finding that petitioner knowingly and voluntarily waived his right to seek appellate review of the denial of his 1987 PCR application.  Accordingly, the [South Carolina Supreme] Court ordered petitioner to serve and file a petition, pursuant to *Austin*, addressing the questions

16

petitioner sought to have reviewed from the order denying his 1987 PCR application. *Koon v. South Carolina*, 595 S.E.2d at 457-58. The South Carolina Supreme Court specifically addressed the issue of the trial court's subject matter jurisdiction. Consequently, this Court finds that the Magistrate Judge erred in recommending that this ground is not exhausted.

As to petitioner's claim that he was not advised of his right to confront accuser, this Court cannot find where it is discussed in the *Koon* opinion petitioner cites to establish exhaustion. The sole discussion of *Koon v. South Carolina*, 595 S.E.2d 456, was limited to (1) whether the indictments were sufficient to provide the trial court with subject matter jurisdiction and (2) whether petitioner was entitled to a reconstruction hearing. The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). This Court finds that petitioner has failed to establish exhaustion as to his claim that he was not advised of his right to confront his accuser.

Since petitioner has failed to establish exhaustion as to his second claim, and the Court assumes that petitioner would be procedurally barred from raising this claim, considering the more than ample opportunity he has had to do so, this Court must consider whether or not petitioner can establish "cause and prejudice" or "actual innocence" sufficient to overcome the procedural bar. Petitioner clearly does not establish "cause" for not raising this claim because he asserts that it has been raised and addressed by the South Carolina Supreme Court. Absent a showing of cause, the court need not consider prejudice. *See Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995).

A showing of actual innocence is a gateway allowing review of defaulted claims, not an independent constitutional claim. *O'Dell v. Netherland*, 95 F.3d 1214, 1246 (4th Cir. 1996). A petitioner must demonstrate factual innocence, not merely the legal insufficiency of his conviction or

17

sentence. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). If a petitioner claims to be innocent as to a conviction he must show that, if new evidence were introduced, it is more likely than not that no jury would convict. *Royal v. Taylor*, 188 F.3d 239, 243-44 (4th Cir. 1999). Petitioner has failed to offer reliable evidence and, therefore, petitioner cannot establish actual innocence as a reason to ignore his procedural default. *Id*.

### Involuntary Plea Issue

Petitioner objects to the recommendation in the Report that the South Carolina Supreme Court did not rule on his "involuntary plea" issue and argues that this ground is not procedurally barred. He argues that in 595 S.E.2d 456 "the Supreme Court ruled 'specifically' no evidence was presented on (involuntary plea) issue. Evidence is in the record on appeal on 595 SE2d 456 of the 1986 transcripts that show I was not advised on my right to confront my accuser." (Document 13, p. 2.) Petitioner also argues that he has shown "cause and actual prejudice" because "[i]n 595 SE2d 456 it was held a Austin v. State violation had occurred and thus I was entitled to a review of the 87-cp-11-103 PCR but that review could not take place because since my first PCR attorney did not appeal the transcript was not generated (and subsequently lost)." (Document 13, p. 2.) This Court respectfully disagrees with the Magistrate Judge's determination that this claim is procedurally barred.

The South Carolina Supreme Court stated: "Petitioner has presented no evidence his pleas were not knowingly, intelligently, and voluntarily entered. . . . Therefore, we deny petitioner's request to remand for a reconstruction hearing." *Koon v. South Carolina*, 595 S.E.2d at 460-61. While that Court did find that there had been an *Austin* violation, it found no need for there to be a reconstruction hearing. Where a claim has been adjudicated on the merits in state court proceedings relief is authorized only when the state court litigation "resulted in a decision that was contrary to, or involved

18

an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). *See generally Williams v. Taylor*, 529 U.S. 362, 412 (2000). In addition, a presumption of correctness attaches to state court factual findings. 28 U.S.C. § 2254(d)(2).

The South Carolina Supreme Court found an *Austin* violation had occurred. Petitioner alleges that, as a result, he "was entitled to a review of the 87-CP-11-103 PCR but that review could not take place because since my first PCR attorney did not appeal the transcript was not generated (and subsequently lost). (Document 13, p. 2.) Petitioner raised this exact issue before the South Carolina Supreme Court. In response they stated:

> Where a transcript has been lost or destroyed, a court may remand to have the record reconstructed. *See Whitehead v. State,* 352 S.C. 215, 574 S.E.2d 200 (2002); *China v. Parrott,* 251 S.C. 329, 162 S.E.2d 276 (1968) (trial judge reconstructed the record where court reporter records were unavailable).

> Petitioner contends he has non-frivolous issues that cannot be reviewed absent a full development of the record. Petitioner claims that, during the 1987 evidentiary hearing, the chief issue was whether his guilty pleas were knowingly, intelligently, and voluntarily entered, and that there is some indication they were not so entered because petitioner was not advised of his right to confront the witnesses against him.

> *****

> At his 1986 plea, petitioner admitted that he committed all the burglaries. Petitioner admitted he entered P & G Motors and Bill Willard's office, but did not find anything to steal. Petitioner also admitted he entered Cudd-Lovelace through the side door. However, later in the plea, petitioner claimed he was innocent and had witnesses who would testify he was not at the scene of the crime. Petitioner also stated he was only agreeing to plead guilty because he was facing a lot of prison time.

> Petitioner further stated at the plea that no one had promised him anything in exchange for his pleas, other than a ten-year sentence, and that no one had threatened him or coerced him to plead guilty. The plea judge informed petitioner that he was entitled to a jury trial; that the State would have to prove him guilty beyond a reasonable doubt if he went to trial; that petitioner did not have to testify; that if petitioner chose not to

19

testify, his decision would not be held against him; and, that if petitioner had any witnesses who would tend to prove him innocent, the State would be required to bring them to trial. Petitioner also stated that he was satisfied with counsel and that counsel had done everything petitioner asked. The plea judge ruled that petitioner's pleas were voluntarily and intelligently made.

595 S.E.2d at 460. It was after this analysis that the Court determined it was not necessary for there to be a reconstruction hearing. The case law provides that "[w]here a transcript has been lost or destroyed, a court **may** remand to have the record reconstructed." *Id*. (emphasis added). However, it is not **required** that a record be reconstructed where a transcript has been lost or destroyed. Petitioner has provided this Court with no reason to establish that the South Carolina Supreme Court erred in its decision to deny him a reconstruction hearing.

### **Subject Matter Jurisdiction**

Petitioner argues that the trial court did not have subject matter jurisdiction over his guilty pleas stating: "lack of jurisdiction is based on indictments setting forth I entered a <u>dwelling</u> in <u>nighttime</u> but the <u>proof</u> at plea was I entered a (<u>building</u>)." (Document 13, p. 10.)

Both the South Carolina Court of Appeals and Supreme Court have addressed this issue. Petitioner appealed his 1997 convictions for second-degree burglary and grand-larceny. These are the sentences for which he received a life sentence, based on his 1986 second-degree burglary convictions.[10] In an unpublished opinion,

[t]he Court of Appeals rejected petitioner's argument that the indictments could not be used as predicate offenses under the recidivist statute because the indictments alleged petitioner entered a "dwelling" instead of a "building." *State v. Koon*, Op. No. 2000-UP-0291 (S.C. Ct. App. filed April 18, 2000). The Court of Appeals found that three of the four 1986 indictments were correctly used as predicate offenses to

---

[10] A second-degree burglary conviction pursuant to § 16-11-312(B) qualifies as a serious offense for the purpose of enhancement under the recidivist statute, while a second degree burglary conviction pursuant to § 16-11-312(A) does not qualify as a serious offense. S.C. Code Ann. § 17-25-45(C)(2)(b).

> sentence petition to LWOP as a recidivist because the indictments were sufficient to
> identify which subsection of the second-degree burglary statute petitioner pled guilty
> to.

*Koon v. South Carolina*, 595 at 458-59.  Since the South Carolina Court of Appeals did not directly

address the subject matter jurisdiction claim relating to the indictments, but rather whether the

convictions were "serious," the South Carolina Supreme Court further analyzed the indictment issue.

The Supreme Court found

> that the three indictments petitioner questions sufficiently set forth the elements of
> second-degree burglary under § 16-11-312(B), despite the fact that the indictments
> initially refer to the "buildings" as "dwellings."  The indictments specify which
> structure petitioner was charged with entering, that petitioner entered each structure
> without consent, that petitioner intended to commit a crime therein, and that petitioner
> entered in the nighttime, which is one of the aggravating factors.  Further, it is clear
> from the record that petitioner was charged with second-degree burglary for entering
> buildings, that petitioner pled guilty to second-degree burglary for entering buildings,
> and that petitioner did not plead guilty to second-degree burglary as a lesser-included
> offense of first-degree burglary.  We hold the indictments sufficiently apprised
> petitioner of the offense charged and the circumstances he should have been prepared
> to defend.

*Koon v. South Carolina*, 595 S.E.2d at 459.

Where a claim has been adjudicated on the merits in state court proceedings relief is authorized

only when the state court litigation "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of

the United States."  28 U.S.C. § 2254(d)(1).  *See generally Williams v. Taylor*, 529 U.S. at 412.

Plaintiff has failed to establish that the South Carolina Supreme Court decision, directly addressing

the subject matter jurisdiction claim presented to this Court, was a decision that was contrary to, or

involved an unreasonable application of, federal law.

**Conclusion**

In her report, the Magistrate Judge recommends that this action be dismissed with prejudice, and without issuance of service of process.  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The Court adopts the Report and Recommendation, as amended by this Order, overrules all objections, and incorporates it herein by reference.  Accordingly, the case is **DISMISSED** *with prejudice*.  Additionally, petitioner's motion for review of the Magistrate Judge's Order denying appointment of counsel is **DENIED** and all other pending motions are **DENIED** as **MOOT**.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

June 9, 2005
Florence, South Carolina

22